**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Pablo MARTINEZ–GUTIERREZ,
Defendant–Appellant.**

No. 14–50122.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 29, 2015.*

Filed June 2, 2015.

Stephanie G. Chau, Peter Ko, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Roseline Dergregorian–Feral, San Diego, CA, for Defendant–Appellant.

Before: HUG, FARRIS, and CANBY, Circuit Judges.

MEMORANDUM **

Pablo Martinez–Gutierrez appeals from the district court's judgment and challenges the 48–month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Martinez–Gutierrez contends that the district court erred by considering his prior sentences when determining his sentence in the instant case. The district court did not err. The sentences for Martinez–Gutierrez's prior § 1326 convictions are part of his history and characteristics and are relevant to choosing a sentence that will adequately deter future criminal conduct. The defendant's history and characteristics and the need for the sentence to provide adequate deterrence are amongst the 18 U.S.C. § 3553(a) factors a court is to consider when determining the appropriate sentence. *See* 18 U.S.C. § 3553(a)(1), (a)(2); *United States v. Carty,* 520 F.3d 984, 991 (9th Cir.2008) (en banc). Thus, it is permissible for a court to consider whether a previous sentence provided sufficient deterrence when determining the sentence for a new offense.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*See United States v. Higuera–Llamos*, 574 F.3d 1206, 1211–12 (9th Cir.2009).

To the extent Martinez–Gutierrez contends that the district court was required to impose a sentence within the range calculated using a fast-track departure, he is incorrect. Consistent with the Sentencing Guidelines, the district court granted the request for a fast-track departure and calculated the resulting advisory sentencing range. However, the Sentencing Guidelines are only one factor to be taken into account when selecting the appropriate sentence, and the district court had the discretion to vary upwards from the sentencing range that resulted from the fast-track departure. *See Carty*, 520 F.3d at 991, 993.

Martinez–Gutierrez contends that the 48–month sentence is substantively unreasonable. The sentence is not substantively unreasonable in light of the § 3553(a) factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). This includes not only Martinez–Gutierrez's medical needs and the age and nature of his prior crime of violence, but also the need for deterrence, his immigration history, and his other prior convictions and sentences. *See United States v. Orozco–Acosta*, 607 F.3d 1156, 1167 (9th Cir.2010) (holding that sentence was not too high despite age of prior conviction where higher sentence was necessary to deter defendant from subsequent re-entry); *United States v. Gutierrez–Sanchez*, 587 F.3d 904, 908 (9th Cir.2009) (holding that district court did not place undue weight on need for deterrence where defendant repeatedly entered the United States illegally); *cf. United States v. Higuera–Llamos*, 574 F.3d 1206, 1211–12 (9th Cir.2009) (holding

that increased sentence was substantively reasonable where previous sentence for illegal re-entry was insufficient to deter the appellant's criminal conduct).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).